■ Woodhaven Associates, Respondent, v Public Service Mutual Insurance Company, Appellant. [776 NYS2d 475]—

Order, Supreme Court, New York County (Louis B. York, J.), entered October 17, 2003, which denied defendant insurer's motion for summary judgment declaring that it is not obligated to defend and indemnify plaintiff insured in the underlying personal injury lawsuit, unanimously affirmed, without costs.

Under the circumstances, there is a question of fact as to whether plaintiff's notice to defendant of the underlying lawsuit was given "as soon as practicable," as was required by the notice provision in the general liability policy issued by defendant to plaintiff (*see Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 19-20 [1979]). The record discloses that plaintiff, an out-of-possession landlord, was never notified by its tenant about the accident upon its premises, or of the service of the ensuing summons and complaint in the underlying action upon its agent for service of process. Plaintiff's explanation that its agent had been suffering from ultimately fatal cancer at the time the summons and complaint was forwarded to him raises a question of fact as to whether the agent's health was responsible for plaintiff's failure to receive the summons and complaint until it

was forwarded by counsel representing the personal injury plaintiff. A factual issue is also raised as to whether plaintiff's reliance on its ailing agent was reasonable. Concur—Nardelli, J.P., Tom, Ellerin and Williams, JJ.